UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERMEDIA.NET, INC.,<br><br>  Defendant. | Case No.  24-cv-02526-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 21 |

In this patent infringement case, Plaintiff Estech Systems IP, LLC accuses Defendant Intermedia.net, Inc. of infringing three patents: U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), and 7,123,699 (the "'699 Patent") (together, the "Asserted Patents") directed to systems and methods for providing communications systems, including voice over IP ("VoIP") telephony.  Intermedia moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6).  ECF No. 21.  After carefully reviewing the documents, the Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court GRANTS Intermedia's Motion.

**I.     BACKGROUND**

Estech, a Texas Corporation, is an affiliate of Estech Systems, Inc. ("ESI").  Compl. ¶ 8. ESI is a US-based provider of end-to-end business phone solutions.  *Id.*  ESI offers "a full solutions portfolio of modern business phone systems, including Cloud, Hybrid, Pure IP, and SIP dial tone products."  *Id.* ¶ 11.  ESI's products include "the most integrated cloud PBX in the market—the award-winning ESI Cloud PBX; Voice over IP (VoIP) products and systems; and on-

premises products." *Id.* ¶ 12. VoIP transmits and receives voice communications over data networks, such as the internet or private networks, using the internet protocol. *Id.* ¶ 13.

The '298 Patent is titled "Phone Director in a Voice Over IP Telephone System" and relates to a system that allows a user on one local area network ("LAN") to view a list of phone extensions associated with another LAN. Estech alleges Intermedia directly infringes "at least claim 13" of the '298 Patent. Compl. ¶ 36. Claim 13 recites the following:

> 13. A telecommunications system comprising:
> a first IP telephone coupled to a first IP server within a first LAN;
> second and third telephone extensions coupled to a second IP server within a second LAN;
> a WAN coupling the first LAN to the second LAN, the first LAN, the second LAN, and the WAN communicating using an IP protocol;
> a third LAN coupled to the first and second LANs via the WAN;
> means for displaying on the first IP telephone a list of telephone destinations stored in the second IP server in response to selection of a first input on the first IP telephone, wherein the list of telephone destinations is communicated from the second IP server over the WAN to the first IP telephone;
> means for automatically dialing the selected one of the telephone destinations for a communications link between the first IP telephone and the selected one of the telephone destinations in response to selection of one of the telephone destinations from the displayed list, wherein the selection of one of the telephone destinations from the displayed list is performed in response to selection of a second input on the first IP telephone by a user;
> means for displaying on the first IP telephone a list of LANs coupled to the WAN, including the second and third LANs; and
> means for displaying the first list in response to selection of the second LAN from the displayed list of LANs.

The '684 Patent is titled "Quality of Service in a Voice Over IP Telephone System" and relates generally to a method of throttling data to ensure robust audio connection when using a VoIP telephone. Estech alleges Intermedia directly infringes "at least claim 42" of the '684 Patent, which depends from claims 37–41. Compl. ¶ 56. Claims 37–42 recite:

> 37. In an information handling system comprising a hub, a multimedia server ("multimedia server") coupled to the hub, a telephone coupled to the hub, a workstation coupled to the hub through the telephone, and a data server coupled to the hub, a method comprising the steps of:
> transferring data from the workstation to the telephone, wherein the data sent from the workstation is addressed for transmission to the data server;
> communicating audio information between the telephone and the multimedia server; and
> sufficiently throttling the data sent from the workstation to the telephone to increase a

Case No.: 24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
2

rate of transfer of the audio information during the communicating step, wherein the throttling step further comprises the step of monitoring an amount of the audio information being received by the telephone from the multimedia server, wherein the monitoring step further comprises the step of the telephone sending a congestion message to the multimedia server when the amount of the audio information falls below the predetermined level.

38. The method as recited in claim 37, further comprising the step of the multimedia server sending a throttling signal to the telephone in response to receipt of the congestion message.

39. The method as recited in claim 38, wherein the throttling step operates in response to receipt of the throttling signal.

40. The method as recited in claim 39, wherein the throttling signal includes a mode level.

41. The method as recited in claim 40, wherein the throttling step further comprises the step of adjusting a level of throttling of the data in response to the mode level included in the throttling signal.

42. The method as recited in claim 41, wherein the step of the multimedia server sending a throttling signal to the telephone in response to receipt of the congestion message further comprises the step of setting the mode level to a most aggressive mode, wherein the throttling step will throttle the future amount of data sent from the workstation at a highest level in response to the mode level being in the most aggressive mode.

The '699 Patent is titled "Voice Mail in a Voice Over IP Telephone System" and relates generally to a method of remotely accessing voicemail by streaming the message from one LAN to another. Estech alleges Intermedia directly infringes "at least Claim 1" of the '699 Patent. Compl. ¶ 69. Claim 1 recites the following:

1. In a telecommunications system, a method comprising the steps of:
storing a voice mail message in a voice mail box in a voice mail system within a first LAN;
coupling a second LAN to the first LAN over a WAN, wherein the first LAN, the second LAN, and the WAN operate under a routable network protocol;
providing a sensory indication on a telecommunications device within the second LAN that the voice message is stored in the voice mail box within the first LAN; and
the telecommunications device accessing the voice mail system within the first LAN to listen to the voice message stored in the voice mail box,
wherein the step of the telecommunications device accessing the voice mail system within the first LAN to listen to the voice message stored in the voice mail box further comprises the steps of:
establishing a channel between the first and second LANs over the WAN;
coupling an audio path over the channel between the telecommunications device and the

      voice mail box; and

      streaming voice data containing the voice message from the voice mail box to the telecommunications device over the audio path, wherein the establishing step further comprises the steps of:

      in response to an input at the telecommunications device, sending a user mail box connection message from the second LAN to the first LAN requesting a channel, wherein the user mail box connection message includes an extension associated with the telecommunications device and an identification of the voice mail box;

      assigning the channel by the first LAN; and

      sending a connection established message from the first LAN to the second LAN.

Estech filed this case on April 26, 2024[1], alleging Intermedia's telephony products, software telephony products, and VoIP telephony servers and services infringe the Asserted Patents. Compl. ¶ 21. In particular, Estech alleges the following list of Intermedia (1) communication equipment and services, and (2) system-design services constitute the "Accused Instrumentalities" in this case:

      Intermedia telephony devices (e.g., Unite X303W, Unite V64, Polycom VVX 250, Polycom VVX 150, Yealink T33G, Polycom VVX 350, Polycom VVX 450, Yealink T53W, Yealink T54W, Yealink T57W, Yealink CP925, Yealink CP965, Yealink DECT IP W70B), Intermedia software telephony products (e.g., Intermedia Connect, Intermedia Frontdesk, Intermedia Work, Intermedia Work for Desktop, Intermedia Work for Web Browser, Intermedia Work for Mobile Application, Intermedia Unite Desktop App, Intermedia Unite Mobile App), Intermedia VoIP telephony servers and services (e.g., Intermedia Unite and the Intermedia Unite Platform, Intermedia's Voice Cloud network, Intermedia Contact Center), and products and services that incorporate the same or similar technology, that employ VoIP to perform various functions including, but not limited to, voice calling, voicemail, directory services, quality of service, and others using multiple components including, but not limited to, for example, hubs, switches, routers, session border controllers, servers and the like, and the software for operating such components ("Intermedia Products and Services").

Compl. ¶ 21; *see also id.* ¶ 24 ("When this Complaint references 'Accused Instrumentalities,' it is referring to the telecommunications and information handling systems Intermedia offers to sell, sells, and makes for its customers as well as the systems its employees use that are referenced in

---

[1] On the same day, Estech filed five separate actions against various defendants in this District based on the same patents. *See Estech Sys. IP, LLC v. v. 8x8, Inc.*, No. 5:24-cv-2522-EJD (N.D. Cal.) (dismissed); *Estech Sys. IP, LLC v. Freshworks Inc.*, No. 5:24-cv-2525-EJD (N.D. Cal.); *Estech Sys. IP, LLC v. Ooma, Inc.*, No. 5:24-cv-2527-EJD (N.D. Cal.); *Estech Sys. IP, LLC v. Zultys, Inc.*, No. 5:24-cv-2529-EJD (N.D. Cal.) (dismissed); *Estech Sys. IP, LLC v. Zoom Video Commc'ns, Inc.*, No. 5:24-cv-2528-EJD (N.D. Cal.).

Case No.: 24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
4

paragraphs 21–23 above and are incorporated herein by reference").

Estech alleges Intermedia directly infringes the Asserted Patents by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale the Accused Instrumentalities. Estech also brings claims for indirect and willful infringement.

Intermedia moves to dismiss all claims against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.  LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In patent cases, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the [patent] claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "A plaintiff is not required to plead infringement on an element-by-element basis." *Id.* at 1352 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). However, a plausible claim requires at least some factual allegations to support a plausible inference that the product at issue satisfies a claim limitation. *See id.* at 1355.

Case No.: 24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
5

### III. DISCUSSION

#### A. Whether Estech Has Stated a Claim for Direct Infringement

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To plead direct infringement, a plaintiff must recite "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353. To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quotation omitted). The complaint needs to only give a defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Estech alleges the "Accused Instrumentalities" infringe certain limitations of the above claims using slightly different words than the claim language itself. *See* Compl. ¶¶ 31–35 (asserting infringement of the '298 Patent); 52–55 (same as to the '685 Patent); 65–68 (same as to the '699 Patent). Intermedia argues that Estech fails to state a claim of direct infringement as to any Asserted Patent because Estech simply copies the language of the claim element and then states that the Accused Instrumentalities meet those claims. Mot. 4. In particular, the allegations with respect to both Asserted Patents fail, according to Intermedia, because (1) "Estech provides no pictures or any details whatsoever about the products accused of infringement," and (2) "Estech provides no insight as to how the Accused Instrumentalities" infringe the Asserted Patents. Mot. 4–6. On the first point, Estech *does* identify the products it contends infringes. *See* Compl. ¶ 21 (identifying "Unite X303W, Unite V64, Polycom VVX 250, Polycom VVX 150, Yealink T33G, Polycom VVX 350, Polycom VVX 450, Yealink T53W, Yealink T54W, Yealink T57W, Yealink CP925, Yealink CP965, Yealink DECT IP W70B," "Intermedia Connect, Intermedia Frontdesk, Intermedia Work, Intermedia Work for Desktop, Intermedia Work for Web Browser, Intermedia Work for Mobile Application, Intermedia Unite Desktop App, Intermedia Unite Mobile App," and "Intermedia Unite and the Intermedia Unite Platform, Intermedia's Voice Cloud

Case No.: 24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS

6

network, Intermedia Contact Center"). And Intermedia cites no authority for its suggestion that a patent plaintiff must provide "pictures or details" to show infringement at the pleading stage.

Intermedia's second point, however, is well-taken. The Federal Circuit is clear that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1353. That is what Estech does here. The complaint lists approximately twenty-four specific Intermedia products and services (Compl. ¶ 21) and then concludes that Intermedia has directly infringed the Asserted Patents because Accused Functionalities have those elements (*id.* ¶¶ 31–35, 52–55, 65–69). This amounts to "a mere recitation of claim elements and corresponding conclusions, without supporting factual allegations" that does not plausibly allege infringement. *Bot M8*, 4 F.4th at 1355.

Although a "plaintiff is not required to plead infringement on an element-by-element basis" as Estech points out (Mot. 4 (quoting *Bot M8*, 4 F.4th at 1352)), it must do more than simply identify the Accused Instrumentalities. *Id.* (arguing that the complaint "identifies Intermedia's [Accused Functionalities]," and "[t]hus, the complaint complies with the federal pleading requirements"). Estech contends that it has provided sufficient notice to Intermedia because the complaint (1) "specifically identifies each infringed patent" (Opp. 6 (citing Compl. ¶¶ 30, 51, 64), (2) "identif[ies] exemplary claims of each patent that are infringed by Intermedia" (*id.* (citing Compl. ¶¶ 36, 56, 69)), and (3) "identifies the particular systems that Intermedia uses or provides in infringing the identified patent claims, along with the constituent parts of the Accused Instrumentalities" (*id.* (citing Compl. ¶¶ 31–35, 52–55, 66–68)). This argument is no different than saying that Estech has identified the relevant claims of Asserted Patents and alleged that the Accused Instrumentalities infringe those claims. Without any supporting factual allegations beyond the conclusory allegations above, the complaint does not provide sufficient notice to Intermedia.

Estech insists that a result for Intermedia would impose on Estech a heightened pleading standard. Not so. To be clear, the Court is not endorsing the argument that patent plaintiffs are

Case No.: 24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
7

required at the pleading stage to identify information that will be later exchanged pursuant to the Local Patent Rules, including claim charts and infringement contentions. Estech must, however, include additional factual allegations to support a plausible claim of infringement beyond just identifying the products and claiming they infringe. *See, e.g.*, *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, No. 22-CV-00561-JSW, 2022 WL 1556417, at *3 (N.D. Cal. May 17, 2022) (dismissing complaint and concluding that direct infringement claims "would not satisfy the pleading requirements under *Twombly* because they do nothing more than allege Zoom infringes by reciting the relevant claim language verbatim"); *see also Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) (dismissing direct infringement claim and explaining that "simply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient.").[2]

In sum, due to the conclusory nature of the allegations which merely track the claim language, Estech's allegations do not plausibly allege direct infringement as to the Asserted Patents. The Court therefore GRANTS Intermedia's Motion and DISMISSES WITH LEAVE TO AMEND Estech's claim for direct infringement of the Asserted Patents.

**B.     Whether Estech Has Stated a Claim for Indirect or Willful Infringement**

Having failed to allege any plausible claim for direct infringement of the Asserted Patents, Estech's indirect and willful infringement claims also fail. *See e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22, 2016) (dismissing indirect

---

[2] Estech's cited cases do not change this result. First, the Court does not find persuasive Estech's reliance on other district court decisions denying motions to dismiss. *See* Opp. 5. Second, *Regents of University of Michigan* is equally unhelpful because the court there denied a motion to dismiss a patent infringement complaint where the arguments before it were "more appropriately presented during claim construction." *Regents of Univ. of Michigan v. Leica Microsystems Inc.*, No. 19-CV-07470-LHK, 2020 WL 2084891, at *6 (N.D. Cal. Apr. 30, 2020). No similar arguments are before the Court on this Motion. Finally, the court in *Windy City Innovations, LLC v. Microsoft Corp.* declined to dismiss a patent infringement complaint which contained sufficient factual allegations regarding the accused products and services; factual allegations lacking in Estech's complaint. 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016); *see also id.* at ECF No. 1 ¶¶ 16–23.

Case No.: 24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS

infringement claim where complaint failed to state direct infringement claim); *see also Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*, No. 23-CV-05792-RFL, 2024 WL 3422598, at *3 (N.D. Cal. July 16, 2024) (dismissing willful infringement claim where complaint failed to state a claim for direct infringement).

The Court therefore GRANTS Intermedia's Motion and DISMISSES WITH LEAVE TO AMEND Estech's claim for indirect infringement of the Asserted Patents.

### IV. CONCLUSION

For the foregoing reasons, Intermedia's Motion is GRANTED WITH LEAVE TO AMEND. Any amended complaint must be filed within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: March 17, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
9