UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERMEDIA.NET, INC.,<br><br>　　　　Defendant. | Case No.　5:24-cv-02526-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 54 |

Plaintiff Estech Systems IP, LLC brings this suit against Defendant Intermedia.net, Inc. for infringement of three patents: U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), and 7,123,699 (the "'699 Patent") (together, the "Asserted Patents"). The Asserted Patents are directed to systems and methods for providing communications systems across local area networks ("LANs"), including voice over IP ("VoIP") telephony. Intermedia now moves to dismiss Estech's First Amended Complaint ("FAC") for failure to state a claim under Rule 12(b)(6). Mot., ECF No. 54; FAC, ECF No. 49. The motion is fully briefed, and the Court heard oral argument on June 26, 2025. Opp., ECF No. 57; Reply, ECF No. 61; ECF No. 75. After careful consideration, the Court **GRANTS** Intermedia's motion.

I.　**BACKGROUND**

The Court summarized the relevant factual background of this case in its Order dismissing Estech's original complaint. MTD Order at 1–5, ECF No. 47. The relevant facts remain the same. In the FAC, Estech reasserts the claims of direct and indirect infringement the Court previously

1  dismissed. Attached to the FAC are three new exhibits that appear to be claim charts[1] comparing the claims of the Asserted Patents to the Accused Instrumentalities.[2] FAC, Exs. B, D, F, ECF Nos. 49-2, 49-4, 49-6.

## II. LEGAL STANDARD

For the FAC to survive Intermedia's 12(b)(6) motion, it must allege sufficient facts from which the Court can reasonably infer that Intermedia is liable for the alleged patent infringement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts accept well-pled allegations in the complaint as true, but unsupported legal conclusions are not afforded the same treatment. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As such, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements" are insufficient to state a plausible claim for relief. *Id.*

Likewise, in the patent context, a plaintiff does not assert a plausible claim for infringement by merely reciting the elements of patent claims and concluding that the accused product practices those elements. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "A plaintiff is not required to plead infringement on an element-by-element basis," but the claim must be supported by factual allegations that, when taken as true, give rise to a plausible inference of infringement beyond the speculative level. *Id.* at 1352 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353.

## III. DISCUSSION

Intermedia's motion is relatively straightforward. In the MTD Order, the Court dismissed

---

[1] Because Estech's claim charts forms the basis of its infringement claims, the Court will consider them as incorporated into the FAC by reference. *See Khoja v. Orexigen Therapeutics, Inc*, 899 F.3d 988, 1002 (9th Cir. 2018).

[2] "Accused Instrumentalities" has the same meaning as in the FAC—*i.e.*, Intermedia's telecommunications and information handling systems accused of infringing the Asserted Patents. *See* FAC ¶¶ 21–24.

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
2

Estech's infringement claims with leave to amend to "include additional factual allegations to support a plausible claim of infringement beyond just identifying the products and claiming they infringe" and to correct "the conclusory nature of the allegations which merely track the claim language." MTD Order at 6–9. Intermedia argues that Estech has not remedied these deficiencies in the FAC.

### A.    Direct Infringement

A party who "makes, uses, offers to sell, or sells" a patented invention "without authority" directly infringes a patent. 35 U.S.C. § 271(a). To state a claim for direct infringement, a plaintiff must plead facts that give the alleged infringer fair notice of the claim and the accused misconduct. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Even then, a plaintiff may still fail to state a claim where (1) the infringement theory rests on an implausible claim construction (*Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018)), or (2) "the factual allegations are actually inconsistent with and contradict infringement" (*Bot M8*, 4 F.4th at 1354). Intermedia contends that Estech has failed to plead a claim for direct infringement of any of the Asserted Patents for both of these reasons.

#### 1.    '298 Patent

Estech alleges that Intermedia directly infringes at least Claim 13 of the '298 Patent. FAC ¶¶ 25–45. Claim 13, recites the following:
> **13**. A telecommunications system comprising:
> a first IP telephone coupled to a first IP server within a first LAN;
> second and third telephone extensions coupled to a second IP server within a second LAN;
> a WAN coupling the first LAN to the second LAN, the first LAN, the second LAN, and the WAN communicating using an IP protocol;
> a third LAN coupled to the first and second LANs via the WAN;
> means for displaying on the first IP telephone a list of telephone destinations stored in the second IP server in response to selection of a first input on the first IP telephone, wherein the list of telephone destinations is communicated from the second IP server over the WAN to the first IP telephone;
> means for automatically dialing the selected one of the telephone destinations for a communications link between the first IP telephone and the selected one of the telephone destinations in response to selection of one of the telephone destinations from the displayed list, wherein the selection of one of the telephone destinations from the displayed list is performed in response to selection of a second input on the first IP

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
3

>       telephone by a user;
>    means for displaying on the first IP telephone a list of LANs coupled to the
>       WAN, including the second and third LANs; and
>    means for displaying the first list in response to selection of the second LAN
>       from the displayed list of LANs.

'298 Patent 17:20–50.

Intermedia argues that Estech's infringement theories are contradictory or otherwise implausible. In support, Intermedia identifies several limitations in Claim 13 that highlight the deficiency of Estech's allegations. The Court takes each in turn.

<u>"First LAN."</u>  Intermedia contends that the FAC asserts contradictory theories for how Intermedia practices a "first LAN" and does not provide factual support for those theories. Intermedia reads the FAC, or more specifically the incorporated claim chart in Exhibit B, as alleging that "LAN(s) associated with Intermedia's premises," "the local network," or a "caller's phone" all satisfy the "first LAN" element. Mot. at 10 (citing FAC, Ex. B at 24, 35). Intermedia argues that none of these three implements can be a "first LAN" because they contradict each other and do not match up with how the '298 Patent's specification describes a LAN: "Workstation PC 106, network hub 103 and server 104 coupled to each other . . . where data is communicated between the workstation 106 and the server 104." *Id.* (citing '298 Patent, 2:51–54).

As an initial matter, the general description of a LAN in the specification does not necessarily limit the patent's scope to that embodiment. *See Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 967 (Fed. Cir. 2022). The specification explicitly states that its description of the components comprising a LAN only "illustrate[s] a typical LAN configuration." '298 Patent, 2:50–54. Any further construction of the term "LAN" is improper at the 12(b)(6) stage. *See Nalco*, 883 F.3d at 1350.

Intermedia's remaining arguments also miss the mark. Estech explains that the three components Intermedia identifies from the claim chart generally refer to the same concept: a local network consisting of phones, servers, and routers on a Intermedia customer's premises. *See* Opp. at 10 ("Estech's theory is that each Intermedia customer's site has a local network (with phones,

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS

4

and possibly on-site servers or routers)—i.e., a first LAN—which connects to Intermedia's cloud."). Under this theory, a "caller's phone" is not by itself a LAN. Rather, it is one of many devices that may be coupled to an Intermedia customer's LAN. Likewise, "LAN(s) associated with Intermedia's premises" and "the local network" both refer to Intermedia customer LANs. Estech provides screenshots of Intermedia's webpages that instruct or recommend that customers use LANs, providing at least some basis to infer that customer LANs are used as part of the Accused Instrumentalities. *See* FAC, Ex. B at 6, 24.

Intermedia nevertheless contends that Estech's cannot be squared with its allegation that the LANs are "associated with Intermedia's premises," because the relevant LANs reside on a customer's premises rather than on Intermedia's. This argument, too, is unpersuasive. Estech alleges that customer LANs are connected to Intermedia's premises "via an Ethernet or Wi-Fi connection," meaning the wide area network ("WAN"). The Court does not read Estech's arguments or allegations as requiring the LANs to be physically within Intermedia's own environment. Nor will the Court construe "associated with" as imposing such a limitation at this time. Accordingly, the Court does not find Estech's allegations regarding a "first LAN" to be implausible or contradictory.

"Second LAN." Similarly, Intermedia argues that Estech does not plausibly allege "second and third telephone extensions coupled to a second IP server within a second LAN" because Estech's infringement theory rests on an implausible definition of a LAN. Estech alleges that "the second LAN can be the Intermedia cloud network" (FAC, Ex. B at 31), and explains that "Intermedia's cloud network contains networked computers that locally communicate with each other, so they form a [LAN]" (Opp. at 12). Intermedia contends that its cloud network cannot be a LAN based on the way the '298 Patent's specification defines the term. But as explained above, the specification's definition does not necessarily preclude Intermedia's cloud network from being a LAN. Estech's explanation that the Intermedia cloud is a LAN because it contains networked computers locally communicating with each other is somewhat vague but plausibly fits within the '298 Patent's broad definition of a LAN.

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS

5

1    However, Estech's theory that Intermedia's cloud constitutes a "second LAN" runs into

2    another issue.  As Estech itself alleges, "phones can . . . register *over the WAN* to Intermedia's

3    cloud servers using the IP protocol."  FAC, Ex. B at 31 (emphasis added).  A network with

4    devices that connect over large distances via a WAN is at odds with the plain meaning of a *local*

5    area network (LAN).  Without further explanation to reconcile this apparent contradiction,

6    Estech's infringement theory regarding the "second LAN" rests on an implausible claim

7    construction.  *See ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 978 (N.D. Cal. 2023).

8    Accordingly, Estech does not plausibly allege that Intermedia's system practices a "second LAN."

9    <u>"First IP server."</u>  Intermedia also argues that Estech's allegations regarding a "First IP

10   Server" are conclusory and contradictory.  In its claim chart, Estech lists many different

11   components in the first LAN that could meet this requirement: provisioning server, configuration

12   server, DHCP server, LLDP server, Session Border Controller, OAM appliance/management

13   station/server, OAMP appliance/management station/server, local survivability appliance,

14   survivability server, on-premises configuration server, or NTP/firmware update host.  FAC, Ex. B

15   at 24–25.  Estech claims that this list demonstrates that Intermedia's system could involve a

16   variety of different kinds of IP servers.  Opp. at 13.  Intermedia, on the other hand, contends that

17   listing components that Intermedia customers could use without alleging facts to support that any

18   customer actually uses any of these components is conclusory and insufficient to allege

19   infringement.

20   The Court agrees with Intermedia.  Though it lists several potential examples of a "first IP

21   server," Estech does not allege facts suggesting that any of these examples exist in the Accused

22   Instrumentalities.  That is, merely listing possible ways Intermedia's system could practice a "first

23   IP server" is insufficient to allege that it plausibly does so.  *See Iqbal*, 556 U.S. at 678 ("Where a

24   complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

25   line between possibility and plausibility of entitlement to relief." (internal quotations omitted)

26   (quoting *Twombly*, 550 U.S. at 557)).  Estech's shotgun approach to alleging that the Accused

27   Instrumentalities use some form of "first IP server" fails to provide Intermedia with fair notice of

28   Case No.:   5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
6

the specific conduct being accused of infringement and improperly shifts the burden of demonstrating infringement onto Intermedia. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). To the extent Estech relies on the assumption that Intermedia must use at least one of these components by virtue of being a VoIP provider, Estech fails to substantiate that assumption with other factual allegations. As such, Estech has not plausibly alleged a "first IP server."

"Third LAN." Intermedia asserts the same arguments it makes for the "first LAN" to the "third LAN." For the same reasons stated above, Estech has plausibly alleged a "third LAN."

"A WAN coupling the first LAN to the second LAN." Intermedia next challenges the sufficiency of Estech's allegations regarding "a WAN coupling the first LAN to the second LAN." Estech alleges that the Internet is the relevant WAN, and Intermedia couples (or at least directs or controls the coupling of) LANs over the Internet through its system. Opp. at 16 (citing FAC, Ex. B at 37, 40–41). Yet, at the same time, it contends that "[Intermedia's] cloud servers cause the two LANs to communicate," implying that the cloud is the relevant WAN and not one of the connected LANs. *Id.* This contradicts Estech's other allegation that Intermedia's cloud is the "second LAN." Given these seemingly incongruous allegations, Estech fails to plausibly allege that Intermedia's system practices "a WAN coupling the first LAN to the second LAN."

"Means for displaying . . . a list of LANs." Finally, Intermedia argues that Estech has not plausibly alleged that the Accused Instrumentalities practice a "means for displaying . . . a list of LANs coupled to the WAN, including the second and third LANs." Estech alleges the Accused Instrumentalities display "different directories of contacts"—*e.g.*, "Personal Directory" and "Company Directory"—rather than a list of LANs, so Intermedia contends that Estech has failed to plausibly allege infringement. FAC, Ex. B at 43–48. Estech counters that displaying a list of directories connected with each LAN is functionally the same as displaying a list of the LANs themselves. Opp. at 19 ("Estech's theory is not that a contact is a LAN; it is that the phone's grouping of contacts by source or location is effectively a grouping by LAN."); *see also* FAC, Ex.

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
7

B at 87 (alleging the same under the doctrine equivalents).  At this early stage, Estech's proffered construction does not strike the Court as implausible given the '298 Patent's general purpose.  As such, Estech has plausibly alleged a "means for displaying . . . a list of LANs."

### 1.     '699 Patent

Intermedia asserts similar arguments as to the '699 Patent.  In the FAC, Estech alleges that Intermedia infringes "at least Claim 1 of the '699 Patent."  FAC ¶¶ 46–58.  Claim 1 recites, in relevant part, the following:

> In a telecommunications system, a method comprising the steps of:
> storing a voice mail message in a voice mail box in a voice mail system within a first LAN;
> coupling a second LAN to the first LAN over a WAN, wherein the first LAN, the second LAN, and the WAN operate under a routable network protocol; . . .
> establishing a channel between the first and second LANs over the WAN; . . .

'699 Patent, 12:52–13:4.  According to Estech, the "first LAN" for purposes of the '699 Patent is Intermedia's cloud data center, and the "second LAN" has the same meaning as "first LAN" in the '298 Patent—*i.e.*, an Intermedia customer's local network.  Opp. at 21–22.

Intermedia argues that the FAC's allegations fail to satisfy the "first LAN" limitation for the same reasons discussed above with regard to the '298 Patent.  That is, Estech's theory that the "first LAN" in the '699 Patent is Intermedia's cloud network rests upon an implausible construction of the term "LAN."  The Court agrees for the same reasons already discussed.

Estech's theory of "first LAN" for the '699 Patent also suffers from another issue.  Claim 1 requires that "a voice mail system" be "within a first LAN."   Estech alleges that the "voice mail system" could be either in Intermedia's cloud or some unidentified third-party server, but Estech does not provide any factual allegations to support either of these claims.  FAC, Ex. F at 19.  Nor do the screenshots Estech provides say anything about where voicemails in Intermedia's system are stored.  *See id.* at 19–23.  Accordingly, Estech fails to allege infringement of the '699 Patent because its allegations are conclusory and rest upon an implausible claim construction.  *ALD Social*, 654 F. Supp. 3d at 978.

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
8

### 2. '684 Patent

Estech alleges that Intermedia infringes Claim 42 of the '684 Patent, which concerns methods for managing data and voice traffic to ensure good call quality on a network where a VoIP phone and workstation share a connection. FAC ¶¶ 46–58; *see also* Mot. at 12 (noting that, although Estech generally asserts infringement of "the method claims of the '684 Patent," Claims 29–41 have been invalidated, leaving Claim 42 as the sole valid method claim). In particular, the patent claims techniques for throttling data when voice traffic is present and adjusting the throttling based on the level of congestion. Claim 42 depends on Claims 37–41, and Intermedia contends that Estech's allegations that Intermedia performs the predicate steps in Claims 37–40 are insufficient because they are conclusory.

The Court agrees. Estech's claim chart describes in detail the many ways Intermedia could perform the steps required by the '684 Patent's method claims, including throttling data when voice traffic is present, sending congestion signals, and adjusting throttling modes. *See* FAC, Ex. D at 29–48. Estech cites documents showing that Intermedia's platform has features capable of performing the claimed steps and argues that it must be doing so. There is little doubt that the FAC alleges how Intermedia's Accused Instrumentalities could practice the claimed steps. But without factual allegations showing that Intermedia does in fact perform these steps, Estech has only alleged that infringement is possible, not plausible. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 557)).

Estech comes closer to providing the necessary supporting facts when, for example, it cites Intermedia articles and support pages. *See, e.g.*, *id.* at 29–32. These documents purport to show that Intermedia's system practices the claimed steps. However, these documents only describe Quality of Service issues related to VoIP technology in general. Estech does not point to any part of the articles or support pages demonstrating that Intermedia's platform performs the steps of the '684 Patent, nor can the Court discern any from its own review. At bottom, Estech's allegations

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
9

1  fail to tie its general explanations of how a hypothetical system could infringe to facts about how

2  Intermedia's platform operates.  Thus, Estech fails to plead direct infringement of the '684 Patent.

3  　　　　　　　　　　　　　　*　　*　　*

4  　　　　To summarize, Estech's FAC does not fully cure the pleading deficiencies the Court

5  identified in the MTD Order and thus still does not state an actionable claim for direct

6  infringement of the Asserted Patents.  The Court therefore GRANTS Intermedia's motion to

7  dismiss the direct infringement claim.  The Court is somewhat skeptical that Estech will be able to

8  cure the pleading deficiencies identified in this Order, but nonetheless GRANTS leave to amend

9  out of an abundance of caution.

### B.    Indirect and Willful Infringement

Since Estech has again failed to plead a plausible claim for direct infringement of the Asserted Patents, Estech's indirect and willful infringement claims also fail.  *See e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22, 2016) (dismissing indirect infringement claim where complaint failed to state direct infringement claim); *see also Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*, No. 23-CV-05792, 2024 WL 3422598, at *3 (N.D. Cal. July 16, 2024) (dismissing willful infringement claim where complaint failed to state a claim for direct infringement). The Court therefore GRANTS Intermedia's motion as to Estech's claim for indirect infringement of the Asserted Patents.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Intermedia's motion.  The Court further **GRANTS** Estech leave to amend, and any amended complaint must be filed within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: December 26, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-02526-EJD
ORDER GRANTING MOTION TO DISMISS
10